IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| C.Y., a minor, through his mother and next friend, Cheryl Y., | ) CIVIL NO. 11-00335 JMS-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO GRANT IN |
| Plaintiff, | ) PART AND DENY IN PART<br>) PLAINTIFF'S NONHEARING |
| vs. | ) MOTION FOR AWARD OF<br>) ATTORNEY'S FEES |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, | )<br>)<br>) |
| Defendant. | )<br>) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S NONHEARING
<u>MOTION FOR AWARD OF ATTORNEY'S FEES</u>

On October 17, 2011, Plaintiff C.Y., by and

through his mother and next friend, Cheryl Y.

("Plaintiff"), filed a Nonhearing Motion for Award of

Attorney's Fees ("Motion").  On October 27, 2011,

Plaintiff filed a Statement of Consultation ("SOC").

Defendant Department of Education, State of Hawaii

("Defendant") filed an Opposition on November 12, 2011.

Plaintiff filed a Reply on November 30, 2011.

The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d)

of the Local Rules of Practice of the United States

District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded **$40,325.00** in attorneys' fees.

<u>BACKGROUND</u>

Plaintiff commenced this action to recover attorneys' fees and costs under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415 et seq., having prevailed at the administrative level.

On January 10, 2011, the Hearings Officer in the administrative proceedings issued a decision in Plaintiff's favor, concluding that Plaintiff's July 14, 2008 individualized education program ("IEP") and July 9, 2009 IEP did not offer Plaintiff a free appropriate public education ("FAPE"). Mot., Ex. A at 29. The Hearings Officer directed Defendant to 1) reimburse the mental health treatment facility ("MHTF") for Plaintiff's educational and related expenses for the

2008-09 and 2009-10 school years and 2) continue to fund Plaintiff's education and related expenses at the MHTF for the school year 2010-11, until an appropriate program and placement are developed for Plaintiff that meets his individual needs. Id. The Hearings Officer deemed Plaintiff to be the prevailing party. Id.

DISCUSSION

A.  Entitlement to Attorneys' Fees

Plaintiff argues that, having prevailed at the administrative level, he is entitled to $43,418.75 in attorneys' fees. Section 1415 of Title 20 of the U.S. Code provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). To be considered a "prevailing party" for attorneys' fees purposes, "a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." Shapiro ex rel. Shapiro v. Paradise

3

<u>Valley Unified Sch. Dist. No. 69</u>, 374 F.3d 857, 865

(9th Cir. 2004) (quoting <u>Roberson v. Giuliani</u>, 346 F.3d

75, 79 (2d Cir. 2003)) (quotations omitted).

Defendant does not dispute Plaintiff's

prevailing party status nor that Plaintiff is entitled

to reasonable attorneys' fees and costs incurred in

connection with the administrative proceeding.  There

being no opposition to Plaintiff's prevailing party

status, and given the fact that Plaintiff obtained a

favorable decision in the administrative action that

materially altered the parties' legal relationship, the

Court finds that Plaintiff is the prevailing party.

Therefore, all that remains for the Court to determine

is the reasonableness of Plaintiff's request for fees.

B.  <u>Calculation of Fees</u>

Plaintiff requests the following attorneys'

fees:

| <u>NAME</u> | <u>HOURS</u> | <u>RATE</u> | <u>TOTAL</u> |
|---|---|---|---|
| Matthew Bassett | 154.25 | $275.00 | $42,418.75 |
| Matthew Bassett | 10 | $100.00 | $1,000.00 |

| **TOTALS** | 164.25 | | $43,418.75 |
| --- | --- | --- | --- |

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in Kerr are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the

> attorney due to acceptance of the case,
> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have

been subsumed in the lodestar calculation.  See Morales

v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir.

1996).  Further, the Ninth Circuit, extending City of

Burlington v. Dague, 505 U.S. 557, 567 (1992), held

that the sixth factor, whether the fee is fixed or

contingent, may not be considered in the lodestar

calculation.  See Davis v. City & County of San

Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated

in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Once calculated, the "lodestar" is presumptively

reasonable.  See Pennsylvania v. Delaware Valley

Citizens' Council for Clean Air, 483 U.S. 711, 728

(1987); see also Fischer, 214 F.3d at 1119 n.4 (stating

that the lodestar figure should only be adjusted in rare and exceptional cases).

1. <u>Reasonable Hourly Rate</u>

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); 20 U.S.C. § 1415 ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing

community rates for similar services.  See Jordan v.
Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff requests an hourly rate of $275.00
for his counsel, Matthew Bassett, and with respect to
travel time, an hourly rate of $100.00.[1]  Defendant
disputes Mr. Bassett's $275.00 hourly rate, noting that
it is on the high end of hourly rates charged in this
community .  The Court has previously deemed reasonable
a rate of $275.00 for Mr. Bassett, B.T. ex rel. Mary T.
v. Dep't of Educ., Hawaii, Civ. Nos. 08-00356 DAE-BMK,
09-00059 DAE-BMK, 2010 WL 1644989, at *9 (D. Haw. Apr.
2, 2011); F.K. ex rel. A.K. v. Dep't of Educ., Hawaii,
Civ. No. 10-00753 BMK, 2011 WL 2650198, at *2 (D. Haw.
July 25, 2011) (awarding $275.00 hourly rate to Mr.
Bassett); B.T. ex rel. M.T. v. Dep't of Educ., Hawaii,
Civil No. 10-00754 JMS/KSC, 2011 WL 3022042, at *1 (D.
Haw. July 21, 2011) (adopting this Court's finding and
recommendation that $275.00 is a reasonable hourly rate
for Mr. Bassett).  Based on precedent in this district,

---

[1]  Defendant does not specifically challenge the
requested $100.00 hourly rate.

the Court again recommends an hourly rate of $275.00 for Mr. Bassett.

## 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. Id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise

unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff submits that Mr. Bassett expended 154.25 hours on the case, and 10 hours for travel time. Defendant challenges certain time entries as unnecessary and excessive, and requests that the Court reduce the fee award by $9,693.75, which would result in a $33,725.00 award.

### a.   Time Expended on Motion for Stay Put

Defendant argues that the 14.75 hours Mr. Bassett spent in connection with the Motion for Stay Put at the administrative level was unreasonable because Defendant was already making stay put payments from April 8, 2010, and the purpose of the motion was to recover payments from a retroactive date when stay put did not apply.  Plaintiff counters that he prevailed on the motion and that the time Mr. Bassett expended was both reasonable and necessary.

Insofar as Plaintiff prevailed on the Motion for Stay Put, the Court finds that the 14.75 hours

expended by Mr. Bassett was largely reasonable. However, the Court deems the time spent reviewing case law on August 9, 2010 to be slightly excessive and shall therefore reduce the 5.5 hour time entry by 2 hours.

> b. <u>Time Expended on Exhibit Preparation and Document Review</u>

Defendant additionally disputes the 41 hours Mr. Bassett spent on document review and exhibit preparation. It is Defendant's position that an attorney whose billing rate is commensurate with that of an experienced IDEA attorney should not require the equivalent of one week's time to review and compile documents. Defendant asks that the Court reduce the hours expended on document review and exhibit preparation by 50%. Plaintiff asserts that the requested hours were reasonably expended because Mr. Bassett had to review and pare down the original evidentiary file and prepare for a 3 to 4 day hearing involving 1500 pages of evidence.

After carefully reviewing Mr. Bassett's time sheets and taking into consideration the level of preparation necessary for the administrative proceedings, the Court finds that the majority of hours were reasonably expended.  F.K., 2011 WL 2650198, at *2 (finding reasonable the 29.8 hours counsel spent combing through documents and creating an evidence binder containing 481 pages of exhibits and 45 evidentiary tabs).  Mr. Bassett had to sort through a number of documents to determine what to include in Plaintiff's exhibit binders, which contained 67 exhibits and 1,256 pages.  However, given Mr. Bassett's experience, the Court concludes that some of his time was excessive.  The Court accordingly deducts 9.25 hours from the 41 hours expended in connection with Mr. Bassett's compilation and review of Plaintiff's exhibit binders.

C.  Total Fee Award

Based on the foregoing, the Court recommends that Mr. Bassett's hours be reduced by 11.25, and finds

that Plaintiff has established that he is entitled to the following attorneys' fees:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Matthew Bassett | 143 | $275.00 | $39,325.00 |
| Matthew Bassett | 10 | $100.00 | $1,000.00 |
| **TOTALS** | 153 | | $40,325.00 |

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Nonhearing Motion for Award of Attorney's Fees be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Plaintiff **$40,325.00** in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 28, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

C.Y., by and through his mother and next friend, Cheryl Y. v. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 11-00335 JMS-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S NONHEARING MOTION FOR AWARD OF ATTORNEY'S FEES

13